JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

17 CV 1314

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Rivers & Mikea Rivers

## DEFENDANTS
First Calss Auto Land & Sales & John Does 1-10

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law, LLC; 11 Bala Ave Bala Cynwyd PA 19004;
610-664-5200
Weisberg Law; 7 South Morton Ave, Morton PA 19070; 610-690-0801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1331
Brief description of cause:
Plaintiffs purchased a vehicle from Defendants who engaged in fraudulent financing tactics

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE     DOCKET NUMBER

MAR 17 2017

DATE   3-8-17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

17 1314

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _6201 North 10th Street, Phialdelphia PA 19141_

Address of Defendant: _1107 West Erie Avenue, Philadelphia, PA 19140_

Place of Accident, Incident or Transaction: _1107 West Erie Avenue, Philadelphia, PA 19140_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) _Equal Credit Opportunity Act_

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
I, _Gary Schafkopf_ , counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: _____       _(signature)_                    83362
                         Attorney-at-Law                 Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____       _(signature)_                    83362          MAR 17 2017
                         Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA** 17      1314

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michael Rivers and Mikea Rivers | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| First Class Auto Land & Sale Inc and John Does (1-10) | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | | |
|---|---|---|
| 3-6-17 | Gary Schafkopf, Esq | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-3200 Ext 104 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 17 2017

MAR 17 2017

$400

**17    1314**

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No.: 85570
7 South Morton Ave.
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-283-1334
**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **MICHAEL RIVERS**<br>6201 North 10th Street<br>Philadelphia, PA 19141<br><br>and<br><br>**MIKEA RIVERS**<br>6201 North 10th Street<br>Philadelphia, PA 19141<br><br>             Plaintiffs<br>         v.<br><br>**FIRST CLASS AUTO LAND & SALE, INC.**<br>1107 West Erie Avenue<br>Philadelphia, PA 19140<br><br>and<br><br>**JOHN DOES 1-10**<br><br>             Defendants. | No.<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff, Michael Rivers, is an adult individual residing at the above-captioned address.

2. Plaintiff, Mikea Rivers, is an adult individual residing at the above-captioned address.

3. Defendant, First Class Auto Land & Sale, Inc., is a corporation incorporated by virtue of the laws of the Commonwealth of Pennsylvania, having a principal place of business at the above captioned address.

4. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below, Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendants, liable to Plaintiffs hereunder.

## JURISDICTION and VENUE

5. Venue is proper in the in The United States District Court for The Eastern District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

6. The matter arises out of a federal law and thus The United States District Court has jurisdiction over this matter. 28 U.S.C. § 1331.

## OPERATIVE FACTS

7. At all times relevant hereto, Defendant acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

8. In February 2016, Plaintiffs went to Defendant First Class Auto Land to purchase a vehicle.

9. While on the lot, a salesperson showed them a 2009 Mazda 6-series. Plaintiffs decided to purchased the vehicle.

10. Plaintiffs intended to purchase the vehicle for Plaintiff Mikea Rivers, and would use Plaintiff Michael Rivers as the person to finance the vehicle. The Salesperson took all of the information that they would need for financing from Michael Rivers, as well as a down payment for the vehicle from Mikea Rivers in the amount of $1000.

11. Plaintiffs submitted all requested documents at the time of the transaction.

12. Defendant promised to submit the information to the bank, and told Plaintiffs that first payment was due on March 18, 2016, in the amount of $500.

13. Plaintiffs then took possession of the vehicle with permission of Defendant, and left Defendant's dealership.

14. Plaintiffs learned on March 15, 2016, that the bank that Defendant had submitted their information to had decided not to finance Plaintiffs. Plaintiffs attempted to contact Defendant with this information, and Defendant did not respond.

15. On or about March 19, 2016, Defendant, having not received a payment in the amount $500, and without no warning or indication to Plaintiffs, had the purchased vehicle towed, and repossessed.

16. Plaintiffs, unaware that their vehicle had been repossessed, believed their car to have been stolen and filed a police report.

17. Plaintiffs then came to learn that the vehicle had been repossessed, and contacted Defendant immediately.

18. Plaintiffs indicated to Defendant that they were aware that the deal with the bank did not go through, and thus had no where to pay for the vehicle. Defendant indicated that in that case Plaintiffs should have paid Defendant directly.

19. Defendant indicated to Plaintiffs that they were aware that the bank had decided not to approve financing for Michael Rivers, and said that the original salesperson was working on another deal with a different bank in order to acquire financing.

20. Plaintiffs then resubmitted the original information again to Defendant in order to acquire a new loan or financing for the vehicle.

21. On or about March 23, 2016, Plaintiffs learned that there was no attempt made by Defendant to secure another form of loan or financing for the vehicle.  Plaintiffs confronted Defendant in order to have their down payment of $1000 returned, but Defendant would not return the money because miles had been put on the vehicle by its operation and use.

22. Plaintiff has been and will continue to be financially damaged due to Defendant's actions in stealing the Vehicle from them.

23. The established business practices described above and below were part of a systematic business practice called "spot delivery" or "yo-yo delivery" intended to secure for Defendant unearned dealer profits.

24. The established "spot delivery" or "yo-yo delivery" practices described above and below are unlawful, deceptive, misleading, and fraudulent.

25. The established "spot delivery" or "Yo-Yo delivery" practices described above and below commenced prior to the execution of any agreement, were designed and intended to induce the Plaintiff to enter into an agreement, and persisted after the apparent agreement was consummated.

26. During all times relevant the Defendant deceived the Plaintiffs into believing Defendant's actions were lawful, and/or concealed their actions' unlawful nature.

27. At all times relevant, the Plaintiffs relied on Defendant's apparent and claimed experience, sophistication and expertise in selling and/or financing motor vehicles and allowed the Vehicle to be repossessed.

28. The Defendant held managerial and/or supervisory control over all of their agents and all of the policies and procedures involved and/or at issue in this matter.

29. The Defendant directly and personally participated in the development, adoption and/or execution of the policies and practices at issue herein.

## COUNT I
## VIOLATION OF ECOA

30. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint.

31. This Court has jurisdiction to decide claims brought under the Equal Credit Opportunity Act, 15 USC 1691, *et seq*, pursuant to 15 USC 1691e(f).

32. Plaintiffs are an "applicant" as the term is defined in the ECOA, 15 USC §1691a(b).

33. Defendant is a "creditor" as the term is defined in the ECOA, 15 USC §1691a(e).

34. Plaintiffs completed a credit application and/or one was completed on their behalf and otherwise applied to Defendant for credit in connection with their purchase of the subject vehicle from Defendant.

35. Under the provisions of the ECOA, Defendant was required to give notice of their decision on that credit application to Plaintiffs within 30 days of receipt.

36. In the event that such credit was approved, the provisions of ECOA permitted Defendant to provide that notice by means other than written communication, 15 USC §1691(d)(1) and (2).

37. Defendant never informed Plaintiffs that they had not been approved for credit in the transaction to purchase the Vehicle.

38. At the time that Defendant informed Plaintiff that he had been approved for credit, Defendant knew or had reason to know that Defendant would not actually extend credit to Plaintiffs.

39. Defendant later informed Plaintiffs by their repossession of the Vehicle that they did not qualify for credit to purchase the subject vehicle, and credit was denied, effectively terminating the transaction.

40. The original notice of approval given to Plaintiff was false, and, in general, a violation of the provisions of 15 USC §1691(d). Thus, the false notice of credit approval was used as the "bait" in a "bait and switch" which was designed to defraud Plaintiffs into purchasing the vehicle on terms which were less advantageous to Plaintiffs.

41. The subsequent denial, the revocation of credit, and the vehicle repossession by Defendant constituted an "adverse action" as the phrase is defined in the ECOA, 15 USC §1691(d).

42. After taking adverse action on Plaintiffs' credit application for the subject vehicle, Defendant were required to provide written notice of that adverse action within 30 days of taking that action, 15 USC §1692a.

43. Defendant failed or refused to provide that written notice to Plaintiff in violation of 15 USC §1692a.

44. Defendant, at all times, were required to maintain such records or other data relating to such loans as may be necessary to evidence compliance with ECOA or to enforce any action pursuant to the authority under the Act, 15 USC §1692b.

45. Upon information and belief, Defendant failed or refused to maintain records of that transaction which would fulfill the provisions of ECOA, in violation of 15 USC §1691b.

## COUNT II
## UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL")

46. Plaintiffs incorporate by reference all of the prior paragraphs as if fully set forth at length herein.

47. The Defendant knew that the Plaintiffs had no special knowledge in the purchase, financing and condition of automobiles and would rely on their representations.

48. The actions and omissions of the Defendant as hereinbefore and hereinafter described, including but not limited to Defendant's enumerated acts in herein, constitute violations of the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. sec 201-1 et seq.

## COUNT III
## CONVERSION

49. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint.

50. The actions of the Defendant in repossessing the car as above described constituted conversion of plaintiff's Vehicle.

51. Plaintiff was damaged by Defendant's actions in the amount of the car's value.

52. Defendant's conduct was willful and intentional including its aforesaid representations to plaintiff that law enforcement was or was to be imminently involved in the car's repossession and the plaintiff would be subject to arrest.

## COUNT IV
## FRAUD

53. Plaintiffs incorporate by reference all of the prior paragraphs as if fully set forth at length herein.

54. Prior to the execution of the contract, the Defendant and those identified on any sales documents for Vehicle who, expressly or impliedly made the following representations about the Vehicle and the transactions.

55. Defendants represented that the vehicle was going to be financed by using Plaintiff Michael Rivers credit through a bank that Defendant worked with.

56. That upon successfully securing the loan for the vehicle in the name of Plaintiff Michael Rivers, that payments would be made to the bank that Defendant was working with.

57. The misrepresentations and omissions identified in the immediately preceding paragraphs were known to the Defendant to be false when made, were material in nature, and were made with the intent to deceive, defraud and/or induce the Plaintiffs, and in fact, induced them to purchase the vehicle at the price listed in the purchase agreement.

58. The Defendant knew that Plaintiffs had no special knowledge in the purchase, financing and condition of automobiles and would rely on their representations.

59. The Plaintiffs relied on the Defendant's misrepresentations and were induced to sign the RISC and other documents related to which they apparently and ostensibly purchased and financed the aforementioned vehicle.

60. As a result of the aforementioned conduct, Plaintiff suffered damages outlined above and below, including but not limited to:

    a. Deprived of the use and enjoyment of the vehicle;

    b.   Incurred cost of replacement vehicles;

    c.   Spent time resolving problems created by Defendant's breach;

    d.   Incurred other incidental and consequential damages, including emotional

        distress;

## COUNT V
## FRADULENT MISREPRESENTATION

61. Plaintiffs incorporate by reference all of the prior paragraphs as if fully set forth at

length herein.

62. Defendant through their acts and their RISC agreement, held themselves out as

creditor to the transaction, which they knew Plaintiff would rely upon.

63. Defendant's misrepresentations including informing the Plaintiffs that they would be

approved for credit when the Defendant knew this to be untrue, and failing to disclose

the rejection of the Plaintiffs credit application by the bank, represent fraud.

64. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered

monetary losses and incurred legal fees, costs, and expenses

    **WHEREFORE,** Plaintiffs respectfully prays that judgment be entered against

Defendants, individually, jointly and/or severally, in excess of seventy-five thousand

($75,000.00) along with compensatory, actual and punitive damages, together with

interest, costs, and attorneys' fees, plus other and further equitable relief.


                Respectfully Submitted,


WEISBERG LAW              SCHAFKOPF LAW, LLC

BY: */s/ Matthew Weisberg*        BY: _Gary Schafkopf_
MATTHEW B. WEISBERG, ESQ     GARY SCHAFKOPF, ESQ.
DATED: 3-6-17            DATED: 3-6-17