**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL RIVERS, ET AL. | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 17-1314 |
| v. | : | |
| | : | |
| FIRST CLASS AUTO LAND & SALE, INC., ET AL. | : | |
| | : | |
| Defendants. | : | |

## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF FIRST CLASS AUTO LAND, INC.

Defendant, First Class Auto Land, Inc. ("First Class")(incorrectly impleaded as First Class Auto Land & Sale, Inc.), by and through its undersigned attorney, hereby files its Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Complaint ("Complaint") and states as follows:

## PARTIES

1. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and the same are, therefore, denied. Strict proof of these allegations is demanded at time of trial.

2. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and the same are, therefore, denied. Strict proof of these allegations is demanded at time of trial.

3. Denied. The averments in this paragraph naming First Class Auto Land & Sale, Inc. are denied because said corporation does not exist as named.

4. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and the same are, therefore, denied. Strict proof of these allegations is demanded at time of trial.

## **JURISDICTION AND VENUE**

5. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

6. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required.

## **OPERATIVE FACTS**

7. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

8. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

9. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

10. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

11. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

12. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

13. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

14. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

15. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

16. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

17. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph and the same are, therefore, denied. Strict proof of these allegations is demanded at time of trial.

18. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

19. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

20. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

21. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

22. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

23. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

24. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

25. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

26. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

27. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

28. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

29. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

**COUNT I**
**VIOLATION OF ECOA**

30. This is a paragraph of incorporation to which no response is required. Answering Defendant hereby incorporates all previous paragraphs and any subparagraphs of this Answer as if set forth fully herein.

31. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required.

32. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

33. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

34. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

35. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

36. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

37. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

38. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

39. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

40. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

41. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

42. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

43. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

44. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

45. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

## COUNT II
## UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT
## ("UTPCPL")

46. This is a paragraph of incorporation to which no response is required. Answering defendant hereby incorporates all previous paragraphs and any subparagraphs of this Answer as if set forth fully herein.

47. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

48. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

## COUNT III
## CONVERSION

49. This is a paragraph of incorporation to which no response is required. Answering defendant hereby incorporates all previous paragraphs and any subparagraphs of this Answer as if set forth fully herein.

50. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

51. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

52. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

**COUNT IV**
**FRAUD**

53. This is a paragraph of incorporation to which no response is required. Answering defendant hereby incorporates all previous paragraphs and any subparagraphs of this Answer as if set forth fully herein.

54. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

55. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

56. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

57. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

58. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

59. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

60. Denied. The allegations contained within this paragraph and each of its subsections are denied and deemed at issue, with strict proof of same demanded at time of trial.

## COUNT V
## FRAUDULENT MISREPRESENTATION

61. This is a paragraph of incorporation to which no response is required. Answering defendant hereby incorporates all previous paragraphs and any subparagraphs of this Answer as if set forth fully herein.

62. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

63. Denied. The allegations contained within this paragraph constitute conclusions of law to which no responsive pleading is required. Alternatively, the allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

64. Denied. The allegations contained within this paragraph are denied and deemed at issue, with strict proof of same demanded at time of trial.

**WHEREFORE**, Defendant, First Class Auto Land, Inc., respectfully demands judgment dismissing the Complaint with prejudice and awarding First Class Auto Land, Inc. the costs of defending this action, including reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint and each and every purported cause of action therein fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred and the matter should be dismissed for failure to join indispensable parties.

## THIRD DEFENSE

Plaintiff's claims are barred because plaintiff's alleged injuries and damages are the result of independent, unforeseeable, superseding and/or intervening causes.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate the damages alleged in the complaint.

## SIXTH DEFENSE

If plaintiff suffered any alleged injuries, damages or losses, the injuries, damages or losses were caused by persons and/or entities over whom Answering Defendant had no control and for whom Answering Defendant is not responsible.

## SEVENTH DEFENSE

Some or all of the damages claimed in plaintiff's Complaint may not be recoverable under the applicable law.

## EIGHTH DEFENSE

No act, omission or conduct of First Class Auto Land, Inc. caused any injury, damage or loss to plaintiff.

## NINTH DEFENSE

Some or all of the plaintiff's claims are barred by the doctrine of estoppel.

## TENTH DEFENSE

Plaintiff's claims are barred as they are in furtherance of a campaign of harassment aimed towards First Class Auto Land, Inc.

## ELEVENTH DEFENSE

This Court lacks jurisdiction over this matter due to the arbitration clause in the parties' agreement(s).

## TWELFTH DEFENSE

Defendant reserves the right to raise such additional affirmative defenses as may be established during discovery and by the evidence in this case.

**WHEREFORE**, Defendant, First Class Auto Land, Inc., respectfully demands judgment dismissing the Complaint with prejudice and awarding First Class Auto Land, Inc. the costs of defending this action, including reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

## COUNTER-COMPLAINT

Defendant, First Class Auto Land, Inc. ("First Class")(incorrectly impleaded as First Class Auto Land & Sale, Inc.), by and through its undersigned attorney, hereby alleges as follows upon information and belief:

65. On or about February 13, 2017, Plaintiff Michael Rivers entered into a written agreement (the "Agreement") with First Class for the purchase/sale of a 2009 Mazda MAZDA6 vehicle (the "Vehicle") for the agreed upon purchase price of $9,600.00. A true and correct copy of the Agreement is attached hereto as Exhibit A.

66. The Agreement calls for a cash deposit of $1,000.00.

67. The $1,000.00 deposit was paid for, on behalf of Michael Rivers, by his sister, Plaintiff Mikea Rivers, by way of a credit/debit card payment transaction.

68. The remaining $8,600.00 balance was subject to a retail installment sales contract and security agreement (the "RISC") entered into between First Class and Plaintiff Michael Rivers. A true and correct copy of the RISC is attached hereto as Exhibit B.

69. The RISC calls for 36 monthly payments of $324.76 to be due commencing March 18, 2016.

70. Plaintiff Michael Rivers failed to make his first, or any subsequent payment(s) subject to the RISC.

71. On or about March 25, 2016, Michael Rivers voluntarily surrendered the Vehicle subject to repossession to First Class in lieu of making payments.

72. Subsequent to paying for the deposit on the Vehicle, Plaintiff Mikea Rivers filed a wrongful dispute with her credit/debit card provider with regards to the $1,000.00 deposit payment.

73. On or about March 13, 2016, Plaintiff Mikea Rivers also made a $500.00 credit/debit card payment to be applied to the deposit on a vehicle purchased from First Class by her associate, Aquilla Chandler.

74. Subsequent to that transaction, Plaintiff Mikea Rivers filed a wrongful dispute with her credit/debit card provider regarding that $500.00 charge as well.

75. As a result of Mikea Rivers' wrongfully disputed charge claims, the aggregate of $1,500.00 was charged back and removed from First Class's account.

76. In toll, Michael Rivers benefited from possession of the Vehicle for approximately 41 days without paying even a single penny for it.

77. At the time of this pleading, First Class has not benefited, even a single penny, resulting from the sale of the Vehicle to Michael Rivers.

## COUNT I
## (Breach of Contract)
## (Michael Rivers)

78. Defendant's Counterclaims contained above are incorporated in their entirety as if set forth fully herein.

79. The terms and conditions of sale of and payment for the Vehicle are contained in the Agreement and the RISC.

80. Michael Rivers breached one or more terms of the Agreement by failing to remit the $1,000.00 deposit and First Class was damaged thereby.

81. Michael Rivers breached on or more terms of the RISC by failing to make the necessary payment(s) and First Class was damaged thereby.

82. Mr. Rivers' failure to make said payment(s) constitutes a default of the terms of the RISC.

83. The RISC provides that First Class may elect to take back the Vehicle by lawful means, *i.e.*, repossess the Vehicle, as a remedy in the event of a default.

84. The RISC also provides that in the event of default, Mr. Rivers agrees to pay First Class's costs for collecting amounts owed, in this case back payment of $324.76, including court costs and reasonable attorney's fees.

85. First Class is entitled to receive from Mr. Rivers the deposit sum of $1,000.00 which was removed from First Class's account.

86. First Class attempted to mitigate its damages by selling the Vehicle to another party but had to re-prep the vehicle for sale and was further damaged thereby.

**WHEREFORE**, the Defendant, First Class Auto Land, Inc., demands judgment in its favor and against the Plaintiff, Michael Rivers, in the amount of its damages plus costs of suit; reasonable attorney's fees; and such other relief as this Court deems just and proper.

### COUNT II
### (Unjust Enrichment)
### (Michael Rivers)

87. Defendant's Counterclaims contained above are incorporated in their entirety as if set forth fully herein.

88. Michael Rivers, while reaping the benefits and enjoyment of use and possession of the Vehicle for approximately 41 days, did not pay a single penny for it.

89. Michael Rivers had no intention at any point during the transaction in question to actually pay for or make payment(s) subject to the Agreement or the RISC.

90. Michael Rivers benefited unjustly and to First Class's detriment by possessing and enjoying the Vehicle without ever intending to pay for it.

**WHEREFORE**, the Defendant, First Class Auto Land, Inc., demands judgment in its favor and against the Plaintiff, Michael Rivers, in the amount of its damages plus costs of suit; reasonable attorney's fees; and such other relief as this Court deems just and proper.

### COUNT III
### (Breach of Contract)
### (Mikea Rivers)

91. Defendant's Counterclaims contained above are incorporated in their entirety as if set forth fully herein.

92. By making a credit card payment of $1,000.00 for the deposit on the Vehicle, Mikea Rivers entered into a contract with the payee agreeing to remit that sum to First Class.

93. Upon wrongfully disputing the $1,000.00 charge and upon the sum in question being removed from First Class's account, Mikea Rivers breached her promise and obligation to remit said sum to First Class.

94. By making a credit card payment of $500.00 for the deposit on her associate, Aquilla Chandler's vehicle, Mikea Rivers entered into a contract with the payee agreeing to remit that sum to First Class.

95. Upon wrongfully disputing the $500.00 charge and upon the sum in question being removed from First Class's account, Mikea Rivers breached her promise and obligation to remit said sum to First Class.

96. Accordingly, First Class has been damaged by Mikea Rivers.

**WHEREFORE**, the Defendant, First Class Auto Land, Inc., demands judgment in its favor and against Plaintiff Mikea Rivers, in the amount of its damages and such other relief as this Court deems just and proper.

## COUNT IV
### (Fraud)
### (Mikea Rivers)

97. Defendant's Counterclaims contained above are incorporated in their entirety as if set forth fully herein.

98. Mikea Rivers paid the down payments on both the Vehicle and Aquilla Chandler's vehicle by charging same to her credit/debit card with the intent to later wrongfully dispute the transactions.

99. These illusory payments constitute a fraud upon First Class who was damaged thereby.

**WHEREFORE**, the Defendant, First Class Auto Land, Inc., demands judgment in its favor and against the Plaintiff, Mikea Rivers, in the amount of its damages plus costs of suit; reasonable attorney's fees; punitive damages; and such other relief as this Court deems just and proper.

                                      Respectfully Submitted,
                                      **THE STARK LAW OFFICES, P.C.**

DATED: <u>April 18, 2017</u>        BY:    <u>/s/Amir Stark</u>
                                              Amir Stark, Esquire
                                              P.O. Box 33
                                              Richboro, PA 18954
                                              (610) 994-1990
                                              astark@thestarklawoffices.com

                                              **Attorney for the Defendant**